## Cather *versus* Bray *et al.*

1. In an action of replevin, where the verdict is for the defendant, the failure of the jury to find the value of the goods or the amount of rent in arrear will not prevent the entry of judgment thereon for defendant.

2. In an action of replevin in Court No. 2 of Philadelphia county, for goods distrained for October's rent, the verdict was for defendant. Before the entry of judgment on this verdict, in Court No. 4, of the same county, in another action of replevin, involving the right for November's rent of the same premises, the verdict was for plaintiff. The plaintiff entered judgment on the verdict in Court No. 4, and moved for an arrest of the judgment in No. 2, on the ground that the entry of judgment in Court No. 4 was conclusive upon Court No. 2. *Held,* that this was no ground for an arrest of judgment, and the court properly entered judgment on the verdict for defendant.

January 7th 1878.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. .2, of *Philadelphia county :* Of January Term 1877, No. 182.

Replevin brought by John Cather, on the 13th of November 1875, against John Bray, landlord, and Henry H. Dambly, bailiff. The return of the sheriff was :—

"Replevied as commanded, summoned H. H. Dambly and *nihil habet* as to J. J. Bray, and property so replevied delivered to .. plaintiff."

The plaintiff filed the usual declaration, and Bray filed an avowry, which set forth that he had demised certain premises to plaintiff, at an annual rental of $420, payable monthly; and that the goods had been taken as a distress for the rent for the month of October 1875, which was unpaid.   Dambly made cognisance as bailiff of defendant.   The plaintiff pleaded that the defendants had entered and evicted him from part of the premises, on the 6th of September 1875, before any of the rent was due.   The defendants filed a replication, and issue was joined.   The cause was tried on the 20th of October 1876, and the jury found a "verdict for defendants," without finding the value of the goods, or the amount of rent in arrear.   Before the verdict was rendered in No. 2, another action of replevin had been instituted in the Court of Common Pleas, No. 4, to try the right of the defendant to distrain for the November rent for the same premises, in which a verdict was given for the plaintiff.   After the verdict in No. 2, the plaintiff entered

[Cather v. Bray.]

judgment on the verdict in No. 4, and then filed a motion in No. 2, in arrest of the judgment in that court, on the ground that, the suit in No. 4 having been between the same parties, and for the same subject-matter, the judgment therein was conclusive. The court struck off the motion, and entered judgment for defendant on his verdict. Plaintiff then took this writ, alleging that the court erred in entering judgment upon a verdict which was incomplete and did not dispose of the issue, and in entering judgment on said verdict after the entry of judgment in No. 4.

*Edward R. Worrell*, for plaintiff in error.—A verdict must be responsive to the issue: Bonnaffon v. Thompson, 2 Norris 462. A verdict in debt, finding no specific sum, is void: Miller v. Hower, 2 Rawle 153 ; Weidel v. Roseberry, 13 S. & R. 178 ; Schmertz v. Shreve, 12 P. F. Smith 457. The issue had been once determined in Common Pleas, No. 4, and the judgment therein was conclusive upon Court No. 2: Marsh v. Pier, 4 Rawle 288.

*Walter J. Budd*, for defendants in error.—The failure of the jury to find the value of the goods and the amount of rent in arrear does not prevent the entry of the common-law judgment *de retorno habendo* on the verdict: Albright v. Pickle, 4 Yeates 264 ; Smith v. Aurand, 10 S. & R. 92 ; Turbill's Case, 1 Saunders Rep. 95, n. 3, and Weidel v. Roseberry, cited by plaintiff in error, which is express authority for sustaining the judgment in this case.

It was plainly the duty of the plaintiff, if he had intended to rely upon the verdict rendered in his favor in No. 4, to have entered judgment thereon before the trial in this case, and to have put it in evidence, or, by suitable plea, put it on the record. Whether it would have operated as a bar or estoppel to the defendants, could then have been passed upon by the court below, and its action brought here for review by either party. The "public policy" he now invokes, and his duty to the court below, as well as his own interest, demanded such a course.

The judgment of the Supreme Court was entered, January 14th 1878,

PER CURIAM.—The defendants avowed for rent, after a replevy of the goods and delivery thereof to the plaintiff, and accepted a verdict for the defendants without more, by entering judgment thereon. Whether this verdict and judgment will avail him in the end, we are not now called upon to say. But if there be error in this, it is one of which the plaintiff cannot complain. He has his goods.

The other error insisted upon is not available. This action was for the distress for the rent of October. The action in the Common Pleas, No. 4, was for the distress for the rent of November. The latter action was not concluded by judgment until the 17th

[Cather *v.* Bray.]

of November 1876, after the verdict had been rendered in the present action in October previously. The second suit, on account of the November rent, was neither pleaded nor given in evidence, if indeed it could have been.. Clearly, it was not matter which could be set up in arrest of judgment on the verdict of the previous October, for a different month's rent.

We discover no error in the record, and the judgment is therefore affirmed.